# In the United States Court of Federal Claims

No. 25-307

(Filed: July 8, 2025)

```
* * * * * * * * * * * * * * * * *
                                 *
ANTHONY L. POLLITT, JR.,         *
                                 *
              Plaintiff,         *
                                 *
       v.                        *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
* * * * * * * * * * * * * * * * *
```

*Anthony L. Pollitt*, *pro se*, of Turnersville, NJ.

*Stephanie A. Fleming*, Trial Attorney, with whom were *Lisa L. Donahue*, Assistant Director, *Patricia M. McCarthy*, Director, Commercial Litigation Branch, and *Yaakov M. Roth*, Acting Assistant Attorney General, Civil Division, Department of Justice, all of Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Anthony Pollitt alleges that government officials violated his constitutional rights and the Administrative Procedure Act ("APA") in their review of his claim under the United States-Oman Free Trade Agreement ("FTA"). In so doing, Plaintiff invites this Court to exercise subject matter jurisdiction over aspects of the U.S.-Oman FTA and pursuant to other non-money-mandating sources of law. For the reasons discussed below, the Court declines this invitation and grants the government's motion to dismiss this case pursuant to Rule 12(b)(1) of the Rules of the U.S. Court of Federal Claims ("RCFC").

## BACKGROUND

Plaintiff filed this action against the United States on February 19, 2025. ECF No. 1. According to Plaintiff, "[his] claim arises from violations of [his] Due Process rights under the Fifth Amendment and the APA, 5 U.S.C. § 555(b) [and] § 706(2)(D) by the U.S. State Department's Office of Legal Advisers." *Id.* at 1. Additionally, Plaintiff asserts that the government's "acknowedg[ment] [of] the violations but fail[ure] to take corrective action" implicates the government's "failure to properly enforce its treaty obligations under the U.S.-Oman Free Trade Agreement." *Id.* In sum, Plaintiff claims that he, "as an American investor, was denied procedural fairness and legal recourse by the very agency responsible for enforcing

international trade protections." *Id*. Consequently, Plaintiff asks the Court to award him over $100 million in "restitution" and issue "[a]n injunction prohibiting the State Department from conducting any further re-reviews without first addressing the original Due process violation" and "[a] declaratory judgment confirming that the State Department's January 10, 2025 ruling is legally invalid . . . ." *Id*. at 3.

As best the Court can discern, Plaintiff's case stems from a claim he submitted to the U.S. Department of State ("State Department") for alleged violations of the U.S.-Oman FTA. According to Plaintiff, he "submitted a claim to the U.S. Department of State regarding violations of the U.S.-Oman Free Trade Agreement," which was assigned to an attorney within the State Department's Office of the Legal Adviser. ECF No. 3 at 1.[1] Plaintiff contends that on January 10, 2025, his claim was denied, without the Office of the Legal Adviser "conducting a full review of all evidence." ECF No. 1 at 2; ECF No. 3 at 1. Plaintiff claims that he "subsequently submitted additional supporting evidence after the January 10 decision," ECF No. 3 at 1, and that, on February 12, 2025, the Office of the Legal Adviser notified Plaintiff that his additional submissions had not changed its response to his claim. *Id.* at 2. According to Plaintiff, the State Department's review of "new evidence without notifying Plaintiff, violat[ed] his rights under the Administrative Procedure Act (APA), 5 U.S.C. § 555(b), and well-established Due Process precedent." *Id*. Subsequently, Plaintiff asserts that he submitted a formal complaint detailing these alleged violations of law to the State Department's Office of the Inspector General ("OIG"). *Id.* In response, the OIG referred the complaint to the Office of the Legal Adviser. *Id*. Plaintiff states that "the State Department failed to take corrective action" despite this referral and the Office of the Legal Adviser's "direct knowledge of the Due Process violation." *Id*. Thereafter, Plaintiff claims to have submitted a legal brief to the U.S. Attorney General. *Id*. at 3. Less than a week after his alleged submission, Plaintiff filed a complaint in this Court. *See* ECF No. 1.

In response to Plaintiff's complaint, the government filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim under which relief can be granted, pursuant to RCFC 12(b)(1) and 12(b)(6). In its motion, the government asserts that "[Plaintiff] fails to allege a money-mandating source of law, and otherwise does not state a claim under any applicable statute that could afford him relief." ECF No. 30 at 1. Given that "the Tucker Act alone is insufficient to establish subject matter jurisdiction," *id.* at 5, the government argues that Plaintiff's allusions to the Tucker Act, the Due Process Clause, and the APA fail to cure this fatal jurisdictional defect, *see* ECF No. 32 at 2, because neither the Due Process Clause nor the APA authorize the award of money damages, ECF No. 30 at 5. Furthermore, the government asserts that the U.S.-Oman FTA itself "does not offer any basis from which an individual could seek money damages from the United States." ECF No. 30 at 6. Plaintiff counters by repeating that the alleged violations of his due process rights provide grounds for relief in this Court. *See* ECF No. 31 at 1. Additionally, Plaintiff claims that he provided a "money-mandating legal basis" for his claim in a document he attempted to file with the Court, titled "Report on Financial

---

[1] Plaintiff filed a motion for summary judgment. *See* ECF No. 3. The Court references Plaintiff's contentions in this motion, to the extent they clarify the factual background to this case.

Restitution Justification." *Id*. at 2.[2]  Finally, Plaintiff argues that summary judgment is appropriate in this case because the government "has not addressed the central facts of this case," and Plaintiff provided "clear and compelling justification for damages rooted in well-established legal doctrine." *Id.* at 3.

On the same day he filed his complaint, Plaintiff also filed a motion for summary judgment.  ECF No. 3.  Therein, Plaintiff urged the Court to "enter judgment in his favor based on undisputed material facts and well-established legal precedent." *Id*. at 1.  Because the government had not yet answered Plaintiff's complaint, the Court stayed briefing on the motion for summary judgment as premature.  ECF No. 7.  Soon thereafter, Plaintiff submitted no less than nineteen filings in the twenty-nine business days after he filed his complaint, despite the Court's repeated warnings that if Plaintiff did not cease filing on a near-daily basis, "the Court will be forced to prohibit him from filing documents and motions through an anti-filing injunction." ECF No. 27 at 1 (quoting ECF No. 24 at 1); *see* ECF No. 22 (listing sixteen of Plaintiff's filings); *see also* ECF No. 29.  Subsequently, the Court ordered Plaintiff to show cause as to why the Court should not sanction him with an anti-filing injunction, ECF No. 27, and after Plaintiff failed to show cause in his response to the Court's order, ECF No. 28, the Court enjoined Plaintiff "from filing any new submissions in this case until the government responds to his complaint," ECF No. 29 at 1.  On April 14, 2025, the government responded to Plaintiff's complaint with a motion to dismiss, ECF No. 30, and the government's motion is ripe for adjudication, *see* ECF No. 31; ECF No. 32.

## DISCUSSION

**A.      Legal Standard**

In accordance with RCFC 12, the Court must dismiss any claim that does not fall within its subject matter jurisdiction.  *See* RCFC 12(h)(3).  In considering a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all factual allegations made by the nonmoving party and view all logical inferences in the light most favorable to that party.  *See Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).  Although the Court holds a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).  Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

This Court, like all federal courts, is a court of limited jurisdiction.  Under the Tucker Act, the Court of Federal Claims may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or

---

[2] The Court rejected the filing of this document because it was not filed pursuant to a provision of the rules of this Court or a court order.  ECF No. 17-1.

unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Rather, to state a claim within this Court's Tucker Act jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id.* Stated differently, a plaintiff must state a claim based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 217 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)), and the provision's text must be "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003) (citing *Mitchell*, 463 U.S. at 218–19).

Even if this Court has jurisdiction over a claim, the Court must nonetheless dismiss the claim under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). That is to say, if the plaintiff states facts in his or her pleadings that, even when viewed in the light most favorable to the non-movant, are "fatally flawed in their legal premises," the Court must dismiss the claim. *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993) (citing *Neitzke v. Williams*, 490 U.S. 391, 326–27 (1989)).

**B.     Analysis**

The Court must dismiss Plaintiff's claims because they are not within the Court's subject matter jurisdiction. Despite Plaintiff's myriad references to statutory and constitutional authority, Plaintiff fails to identify a single money-mandating source of law that vests this Court with jurisdiction over his claims or the relief requested. The Court addresses Plaintiff's arguments in turn.

First, Plaintiff asserts that this Court has subject matter jurisdiction under the Tucker Act, but Plaintiff misunderstands the Tucker Act's scope. *See* ECF No. 1 at 1–2. Plaintiff claims that "[t]he Tucker Act holds the government liable for damages caused by agency misconduct." *Id.* at 2. But the Tucker Act's jurisdictional grant and accompanying waiver of sovereign immunity is not so broad as to draw every allegation of agency misconduct within its ambit. As mentioned above, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States." *Smith*, 709 F.3d at 1116; *see also Testan*, 424 U.S. at 398 ("The Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages."). Accordingly, a plaintiff must do more than simply allege agency misconduct; a "plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Thus, Plaintiff cannot rely on the Tucker Act *alone* to confer this Court with jurisdiction over his claims. Moreover, Plaintiff's filing titled "Report on Financial Restitution Justification" does not remedy this fatal jurisdictional defect. *See* ECF No. 17-1. Beyond the fact that the Court rejected this filing because it was not filed pursuant to a provision of the rules of this Court or a court order, Plaintiff's document is not a "source of substantive law." Sources of law that may confer Tucker Act jurisdiction include statutes, constitutional provisions,

regulations, and express or implied-in-fact contracts with the United States. *Smith*, 709 F.3d at 1116. They do not include unilaterally drafted documents that are purportedly imbued with legal significance by their author.

Second, Plaintiff relies on both the APA and the Constitution's Due Process Clause for jurisdiction; however, neither the APA nor the Due Process Clause can serve as a basis for this Court's jurisdiction under the Tucker Act because they cannot be read to mandate compensation by the federal government for any damages allegedly sustained. *Cf. Mitchell*, 463 U.S. at 217 (discussing sources of law that can be read to mandate compensation). The APA is not money-mandating because it does not authorize the award of money damages and limits its application "to actions 'seeking relief other than money damages.'" *Wopsock v. Natchees*, 454 F.3d 1327, 1333 (Fed. Cir. 2006) (quoting 5 U.S.C. § 703). Similarly, the Due Process Clause "does not obligate the government to pay money damages." *Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995) (collecting cases). Thus, Plaintiff cannot rely on the APA or the Due Process Clause to prosecute his claims in this Court.

Finally, to the extent that Plaintiff points to the U.S.-Oman FTA as a money mandating source of law supporting this Court's jurisdiction, Plaintiff's claim fails. To begin with, under 28 U.S.C. § 1502, the Court generally does "not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations." The U.S.-Oman FTA is no exception in this respect. Plaintiff fails to identify any provision of the U.S.-Oman FTA that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Mitchell*, 463 U.S. at 217 (quoting *Testan*, 424 U.S. at 400). As the government notes, "the FTA does not provide any basis for a United States investor to seek damages from the United States." ECF No. 30 at 7. Instead, the U.S.-Oman FTA allows for investors to assert claims against the host government for violations of its provisions. *See* United States-Oman Free Trade Agreement, Oman-U.S., art. 10.15, Jan. 19, 2006, Hein's No. KAV 8673, 108–110. The U.S.-Oman FTA does not, however, mandate that the investor's country compensate him for violations of the U.S.-Oman FTA by the host country. Moreover, Plaintiff's claims do not directly implicate the U.S.-Oman FTA itself. Rather, Plaintiff's claims stem from alleged procedural violations by State Department officials in the treatment of his claims arising out of the U.S.-Oman FTA.

In sum, Plaintiff's references to the Tucker Act, the Due Process Clause, the APA, and the U.S.-Oman FTA are unavailing; therefore, the Court must dismiss this case because jurisdiction is lacking.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

                                                                <u>s/ Zachary N. Somers</u>
                                                                ZACHARY N. SOMERS
                                                                Judge