# In the United States Court of Federal Claims

No. 25-307

(Filed: July 17, 2025)

```
* * * * * * * * * * * * * * * * *
                                 *
ANTHONY L. POLLITT, JR.,         *
                                 *
                  Plaintiff,     *
                                 *
       v.                        *
                                 *
THE UNITED STATES,               *
                                 *
                  Defendant.     *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

On July 8, 2025, Plaintiff filed a motion to vacate judgment and for reconsideration.[1] ECF No. 39. Therein, Plaintiff "moves for this Court to vacate its Order of Dismissal dated July 8, 2025, and reconsider its judgment pursuant to RCFC 60(b)(3) . . . , RCFC 60(b)(4) . . . , and the Court's inherent authority to correct constitutional violations and judicial defaults." *Id*. at 1. First, Plaintiff asserts that the "suppression" of two docket filings, titled "Plaintiff's Formal Request for Status Update and Judicial Clarification" and "Plaintiff's Motion for Default Judgment Due to Defendant's Failure to Respond and Procedural Admission of Liability," constitutes "intentional fraud upon the Court." *Id*. (capitalization altered). Furthermore, Plaintiff states that the rejection of a document titled "Financial Restitution Justification Pollitt v. USA," which "fully justified the claimed damages of $100,002,500," undermined Plaintiff's ability to defend his claims against the government. *Id*. at 1–2 (capitalization of first quotation altered). Second, Plaintiff alleges that the Court violated Plaintiff's constitutional rights by "[s]uppressing filings that addressed fundamental due process and equal protection issues," "[d]enying Plaintiff's right to petition the government under the First Amendment," and "[d]epriving Plaintiff of procedural fairness under the Fifth and Fourteenth Amendments." *Id*. at 2. Finally, Plaintiff states that the Court "imposed a judicial response deadline of July 2, 2025," but failed to act, "defaulting in [its] judicial responsibilities while allowing government defaults to stand unaddressed." *Id*. Consequently, Plaintiff asks that the Court vacate its dismissal order, "[i]mmediately reinstate Plaintiff's case," docket the aforementioned filings, and "[e]nter full judgment in Plaintiff's favor for $100,002,500." *Id*. at 3.

---

[1] Plaintiff titles his motion as a motion to vacate judgment and for reconsideration. ECF No. 39 at 1. Plaintiff cites to RCFC 60 throughout his motion and does not reference RCFC 59. Therefore, the Court treats Plaintiff's motion as a motion for relief from judgment made under RCFC 60.

Plaintiff moves for relief from judgment under Rule 60 of the Rules of the U.S. Court of Federal Claims ("RCFC"). Under RCFC 60(b), "the court may relieve a party or its legal representative from a final judgment . . . ." in some enumerated circumstances. Among these bases for relief are RCFC 60(b)(3), "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," and RCFC 60(b)(4), that "the judgment is void," which are the grounds on which Plaintiff relies. *See* ECF No. 39 at 1.

However, the Court dismissed Plaintiff's complaint for lack of subject matter jurisdiction. *See* ECF No. 36. To the extent that Plaintiff relies on documents that were not filed, the Court determined it did not have jurisdiction over his case, and "subject-matter jurisdiction turns on the facts upon filing." *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993). Plaintiff's defective filings do not and cannot rescue a complaint that was fatally jurisdictionally flawed at its outset for reasons mentioned in the Court's opinion, ECF No. 36. The Court need not consider Plaintiff's filings that, in any event, were not filed pursuant to any rule of the Court or court order.

Moreover, RCFC 60(b)(3) applies to fraud, misrepresentation, or misconduct by *an opposing party.* Plaintiff's arguments do not address conduct by the government, but rather discuss alleged misconduct by the Court. The Court is not a party to this case, much less an opposing party. Furthermore, Plaintiff does not show how the Court's conclusion that it lacked subject matter jurisdiction is void under RCFC 60(b)(4). "A judgment is void for Rule 60(b)(4) purposes if the 'rendering court was powerless to enter it.'" *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000) (quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979)). Plaintiff does not attempt to demonstrate how the Court is powerless to determine it lacked subject matter jurisdiction to hear his case. As for Plaintiff's contention that "[t]he Court imposed a judicial response deadline of July 2, 2025," ECF No. 39 at 2, the Court imposed no such deadline on itself. Rather, this appears to be a deadline Plaintiff wishes to impose on the Court. Accordingly, the Court **DENIES** Plaintiff's motion for relief from judgment.

**IT IS SO ORDERED**.

                                              s/ Zachary N. Somers
                                              ZACHARY N. SOMERS
                                              Judge